UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-54-DCR |
| | ) | Civil Action No. 6: 09-7069-DCR |
| V. | ) | |
| | ) | |
| LEON COMBS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Leon Combs's motion to set aside his criminal conviction and judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure. [Record No. 108] Because the Court construes the current motion as a second or successive habeas petition under 28 U.S.C. § 2255, it will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244[1] and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Unfortunately, review and lengthy citation relating to the procedural history of Combs's habeas proceeding is necessary.

---

[1] 28 U.S.C. § 2244(a)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

-1-

This Court denied Defendant Combs's motion for habeas corpus relief on August 26, 2011. [Record No. 102] In rejecting Combs's argument that the district court lacked jurisdiction to sentence him following remand,[2] the Court held:

> Combs has not shown that his counsel's failure to pursue his mandate-rule argument was unreasonable. A violation of the mandate rule occurs when the district court "exceed[s] the scope of the remand order." *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). Here, the remand at issue was general, not limited. A limited remand is one that "explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate. General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999); *see also Moore*, 131 F.3d at 598 ("[A] limited remand constrains the district court's resentencing authority to the issue or issues remanded."). A remand is presumed to be general unless it "convey[s] clearly the intent to limit the scope of the district court's review by outlining the procedure the district court is to follow, articulating the chain of intended events, and leaving no doubt as to the scope of the remand." *United States v. Shafer*, 23 F. App'x 380, 382 (6th Cir. 2001); *see Moore*, 131 F.3d at 598 ("In the absence of an explicit limitation, the remand order is presumptively a general one.").
>
> The mandate in *Combs I* contained no such explicit instructions. Rather, it simply stated that the case was being remanded "for re-sentencing and further proceeding consistent with this opinion." 369 F.3d at 941. The Sixth Circuit has found such language to be indicative of a general remand. *See Moore*, 131 F.3d at 598-99. In *Moore*, the court examined three cases involving remand language similar to that at issue here and concluded: "Each one of those cases involved a remand order that simply vacated or reversed the sentence imposed by the district court and remanded for resentencing. The orders placed no limitations on the scope of the remand. As such, those orders were general rather than limited." *Id.* at 599; *see id* at 598 (discussing *United States v. Young*, 66 F.3d 830 (7th Cir.1995); *United States v. Caterino*, 29 F.3d 1390 (9th Cir. 1994); *United States v. Cornelius*, 968 F.2d 703 (8th Cir. 1992)).
>
> Because there were no limitations placed on the scope of the Sixth Circuit's remand in *Combs I*, the Court could not have violated the mandate rule. *See id.*

---

[2] This argument was addressed in the context of an ineffective assistance of counsel claim.

at 599. Thus, Combs' arguments on this issue are without merit, and his attorney was not ineffective in failing to pursue them.

[*Id*. at pp. 5-7] The Court also rejected Combs's challenge to his conviction under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Again, quoting from the August 26, 2011, Memorandum Opinion and Order, this Court held:

> In his objections to the Report and Recommendation, Combs does not attempt to refute the magistrate judge's findings with respect to fraud on the Court but instead changes his argument. He now asserts that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(4) because the judgment entered in this case is void. [*See* Record No. 100, p. 14] He offers several case citations regarding when a Rule 60(b) motion may be filed. [*See id.*, p. 14 (citing *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010); *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150 (2d Cir. 2005); *Beller & Keller v. Tyler*, 120 F.3d 21 (2d Cir. 1997); *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981); *Garcia v. United States*, No. 97 Civ. 2962 (PKL), 2009 U.S. Dist. LEXIS 17905 (S.D.N.Y. Feb. 24, 2009); *Rodriguez v. United States*, No. 97 Civ. 2545, 2005 U.S. Dist. LEXIS 6592 (S.D.N.Y. Apr. 15, 2005))]  As noted previously, however, a habeas petitioner cannot use Rule 60 to attack a criminal conviction. *See United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."); *see also Harris*, 367 F.3d at 77 (noting that Rule 60(b) may be used to challenge the integrity of a previous habeas proceeding, but "not the underlying criminal conviction"). Thus, even if Combs' new claim under Rule 60(b) is construed as a successive § 2255 motion, *see In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007), it is nevertheless without merit because the Court has already determined that there was no jurisdictional flaw or double-jeopardy violation with respect to the second indictment. *See supra* Part II.A.1. Therefore, the judgment is not void, and Combs' final argument also fails.

[*Id*. at pp. 9-10] In footnote three of its opinion, the Court further noted:

> Indeed, two of the cases cited by Combs in his objection stand for precisely that proposition. *See Garcia*, 2009 U.S. Dist. LEXIS 17905, at *7 ("While Rule 60(b) can provide relief from a previous habeas ruling, it is only available to attack the integrity of the habeas proceeding itself; Rule 60(b) cannot be used to challenge the underlying criminal conviction."); *Rodriguez*, 2005 U.S. Dist. LEXIS, at *19 ("Relief under Rule 60(b) is available 'only when the Rule 60(b) motion attacks

the integrity of the habeas proceeding and not the underlying criminal conviction.'" (quoting *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004))).

[*Id.*]

Combs appealed from this Court's August 26, 2011, decision; however, he was unsuccessful. On April 19, 2012, the United States Court of Appeals for the Sixth Circuit denied Combs' application for a certificate of appealability. In denying his request, the court addressed – and rejected – all of Combs' assertions, including the claim that Judge Hood[3] of this Court acted outside the scope of the Sixth Circuit's earlier mandate.

> Combs did not make a substantial showing that the district court acted outside the scope of this court's mandate. Under the mandate rule, the district court is bound to the scope of the remand issued by this court. *United States v. Gibbs*, 626 F.3d 344, 350 (6th Cir. 2010). A remand is viewed as limited only if it explicitly outlines the issues to be addressed by the district court and creates a narrow framework within which that court must operate; otherwise, the remand is considered general, thereby giving the district court the authority to revisit all matters as long as it remains consistent with this court's remand order. *Id.* at 350-51. Contrary to Combs's argument, the remand from his prior appeal was general, rather than limited. The court remanded the case "to the district court for re-sentencing and further proceeding[s] consistent with this opinion." *Combs*, 369 F.3d at 941. Because the remand was not limited, the district court did not lack jurisdiction to retry Combs.

[Record No. 107, p. 3]

On August 10, 2012, the United States Court of Appeals for the Sixth Circuit denied Combs's petition for the court to "rehear its order" denying his application for a certificate of appealability. After reviewing the history of the earlier criminal proceeding, the Sixth Circuit again identified the issues raised by Combs through his § 2255 motion.

---

[3] This habeas proceeding was transferred to the undersigned after the criminal action was concluded.

> In March 2009, Combs filed a § 2255 motion and several amended motions arguing that: 1) the district court erred when it acted outside the scope of the Sixth Circuit's mandate and lacked jurisdiction to try him on the second indictment; 2) the second trial violated his rights under the Double Jeopardy Clause because he was tried twice for the same conduct; 3) his conviction on count two of the second indictment is invalid, because the Supreme Court, in *Watson v. United States*, 552 U.S. 74 (2007), determined that trading drugs for guns does not violate § 924(c); 4) section 924(c) is void for vagueness; 5) trial and appellate counsel rendered ineffective assistance by failing to argue that the district court acted outside the scope of the Sixth Circuit's mandate, the second trial violated his double jeopardy rights, and the district court lacked jurisdiction to try him on the second indictment; 6) the district court erred when it sentenced him following the second trial; and 7) the prosecutor committed fraud on the court by failing to move to dismiss counts three and four of the first indictment prior to seeking a second indictment for the same conduct.

[Record No. 108-1; attached Sixth Circuit Order dated August 10, 2012]

Combs' request for reconsideration also sought relief from the appellate court under Rule 60(b) of the Federal Rules of Civil Procedure. The Sixth Circuit rejected this request, noting that relief under this rule must be sought in the district court. The court, however, specifically rejected Combs' argument that he was entitled to relief under its holding in *D'Ambrosio v. Bagley*, 656 F.3d 379 (6th Cir. 2011).

> In his petition for rehearing, Combs argues that the court failed to rule on his 60(b) motion, and he reasserts his argument that he was improperly tried on the second indictment in light of *D'Ambrosio*.
>
> Although we properly determined that the second indictment did not violate Combs's constitutional rights, we did not specifically address Combs's *D'Ambrosio* claim. In *D'Ambrosio*, we upheld a district court's authority to grant a conditional writ of habeas corpus and to bar a petitioner's reprosecution. Combs's reliance on *D'Ambrosio* is misplaced because there was never an order barring his reprosecution. Therefore, the government was free to pursue a second indictment. Combs has not made a substantial showing that his constitutional rights were violated on remand, or that he was entitled to the appointment of

counsel. His Rule 60(b) motion must be brought in the district court. *See* Fed. R. Civ. P. 1.[4]

[*Id*. at p. 3]

Following the denial of his petition for reconsideration, Combs returned to this Court. On August 23, 2012, he filed the present motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure, again asserting that his criminal conviction and the corresponding judgment were void because the district court did not have jurisdiction to take action on the superseding indictment following the Sixth Circuit's original remand. And again, he contends that his trial and appellate attorneys were ineffective by failing to raise this issue in prior proceedings. Combs continues to cite *D'Ambrosio v. Bagley*, 656 F.3d 379 (6th Cir. 2011), in support of his position.[5]

It is clear that Combs' present Rule 60(b) motion is actually an attack on earlier decisions on the merits. Combs is not asserting a defect in the integrity of the federal habeas proceedings. Instead, he is seeking to directly challenge the substance of this Court's – and the Sixth Circuit's – resolution of his claim on the merits. Thus, his motion constitutes a second or successive motion under 28 U.S.C. § 2255. *Albo v. United States*, 2012 U.S. App. LEXIS 18469 (6th Cir. Aug. 29, 2012); *West v. Bell*, 2010 U.S. App. LEXIS 23358 (6th Cir. Nov. 4, 2010); *Williams v. United States*, 2005 U.S. Dist. LEXIS 19612 (S.D. Ohio Sept. 9, 2005). As a result, this Court

---

[4] Rule 1 provides that the Federal Rules of Civil Procedure govern the procedures followed in civil actions and proceedings in United States district courts.

[5] At page 4 of his current motion, Combs regurgitates his earlier argument regarding the scope of the Sixth Circuit's remand and mandate in his criminal case. As outlined above, this argument has been rejected by this Court as well as the Sixth Circuit.

lacks jurisdiction to entertain the motion and will transfer the matter to the United States Court of Appeals for the Sixth Circuit so that court can determined whether the claim may be presented. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.")

The Sixth Circuit's reference in its most-recent opinion to the fact that Rule 60(b) motions must be addressed, in the first instance, by the district court does not mean that such a claim is viable or that the provisions relating to successive habeas petitions can be ignored. As this Court has explained previously, while Rule 60(b) can provide relief from a previous habeas ruling, it is only available to attack the integrity of the habeas proceeding itself. Rule 60(b) cannot be used to challenge the underlying criminal conviction.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Combs's current motion [Record No. 108] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255.

2. To the extent that Defendant Leon Combs seeks relief from this Court, that request is **DENIED,** in accordance with 28 U.S.C. § 2244(a).

This 7th day of September, 2012.

